## Commonwealth *v.* Scott, Appellant.

*Criminal law—Murder—Weapon—Assumption in charge that weapon is deadly—Claw hammer.*

1. The circumstances under which a weapon, not ordinarily a deadly one, is employed by one charged with murder, the manner of using it, and the place on which it is used, may be enough to justify a jury in finding that, quoad that use, the weapon was deadly in character, but it is reversible error for the trial judge to assume in his charge that it was so.

Argued November 24, 1924. Appeal, No. 24, March T., 1925, by defendant, from judgment of O. & T. Allegheny Co., Nov. T., 1923, No. 88, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Warren Scott. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Indictment for murder. Before BOUTON, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree on which sentence was passed. Defendant appealed.

*Error assigned* was, inter alia, portion of charge referred to in opinion of Supreme Court, quoting record.

*Frank R. Steward,* with him *Oliver L. Johnson,* for appellant.—The instruction was highly prejudicial to the defendant because as a matter of fact the instrument with which the Commonwealth contends the murder was

committed was not such a weapon as is by common consent regarded as a deadly weapon.

*Andrew T. Park,* Assistant District Attorney, with him *Samuel H. Gardner,* District Attorney, for appellee.— The instruction as to the weapon was proper: Com. v. Drum, 58 Pa. 9; Com. v. McMillan, 144 Pa. 610.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, December 5, 1924:

Warren Scott appeals from a death sentence on a conviction of murder. The jury found him guilty of the deliberate and premeditated killing of his common-law wife Frances Scott on September 18, 1923. He contends (1) that the corpus delicti was not proved; (2) if the deceased was murdered, it was not proved that appellant committed the crime; (3) if the evidence be deemed sufficient to prove accused did the killing, then he was in such a state of intoxication at the time as to reduce the offense to murder. of the second degree; (4) that the charge was inadequate on the defense of drunkenness; and (5) that the instruction therein concerning the use of a deadly weapon was erroneous, in that it had no proper application to this case.

Since the record must be remitted for a new trial, we shall not detail the evidence. It is enough to say that the testimony produced by the Commonwealth showed circumstances from which the jury could find beyond a reasonable doubt that defendant killed deceased, and that he perpetrated the deed with a malicious intent to do her great bodily harm; but the evidence produced at the trial under review was not sufficient to prove murder of the first degree. We reach this conclusion without regard to the alleged intoxication of defendant as a controlling element in reducing the grade of the crime; so it is unnecessary to discuss that defense.

The Commonwealth charged and presented evidence to prove that death was caused by laceration of the

outer lips of deceased's vagina, produced by the insertion, "not more than a quarter of an inch," into that part of her body, of the claw-end of a metal hammer, of the type commonly used in opening crates, thus severing an artery.   There was no evidence to show the exact circumstances under which this cruel and unnatural act was perpetrated; but, by such a deed, defendant evidently intended to do great bodily harm to his victim, and this, with the attending circumstances, established malice.   It was error, however, for the court below to treat the weapon used as prima facie a deadly one and to charge: "He who takes the life of another with a deadly weapon, and with a manifest design thus to use it upon him, with sufficient time to deliberate and fully to form the conscious purpose of killing, and without any sufficient reason or cause of extenuation, is guilty of murder of the first degree."   The circumstances under which employed, the manner of using, and the place on which a weapon, not ordinarily a deadly one, is used may be enough to justify a jury in finding that, quoad that use, the weapon was deadly in character (Commonwealth v. Blakely, 274 Pa. 100, 105-6); but in the above instruction the trial judge assumed that fact.   Hence the third assignment must be sustained.

The judgment of the court below is reversed with a venire facias de novo.